IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01090-BNB

R. KIRK McDONALD,

    Plaintiff,

v.

ZIONS FIRST NATIONAL BANK N.A.,
DIANE HARTZ WARSOFF, V.P., Zions First National Bank, individually & personally,
BLOOM MURR ACCOMAZZO & SILER, a Colorado Law Firm,
JOSEPH A. MURR, employee of "BMA&S" individually & personally,
DANIEL R. DELANEY, employee of "BMA&S" individually & personally,
MARIS S. DAVIES, employee of "BMA&S" individually & personally,
WILLIAM J. CAMPBELL, Exe. Dir. CO. Comm. on Judicial Discipline, individually &
    personally, and
JACKIE COOPER, Eagle County, Clerk of the Court, individually & personally,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, R. Kirk McDonald, has filed *pro se* a Complaint (ECF No. 1) asserting a variety of federal and state claims. The court must construe the Complaint liberally because Mr. McDonald is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. McDonald will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Complaint and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. McDonald fails to provide a short and plain statement of his claims showing that he is entitled to relief for two reasons. First, Mr. McDonald asserts each of his claims in the Complaint against "Defendants" collectively without identifying specifically which Defendant or Defendants are being sued with respect to each asserted claim. Second, Mr. McDonald fails to identify exactly what each named Defendant did that allegedly violated his rights.

Because Mr. McDonald fails to provide a short and plain statement of each of his claims, it also is not clear whether all of the named Defendants properly are joined in one lawsuit. Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party

asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). If Mr. McDonald is not asserting claims against all of the Defendants that arise out of the same transaction, occurrence, or series of transactions or occurrences, and that raise a question of law or fact common to all Defendants, he may not sue all of the Defendants in one action.

For these reasons, Mr. McDonald must file an amended complaint if he wishes to pursue any claims in this action. Mr. McDonald must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se*

pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In addition, with respect to his federal constitutional claims, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. McDonald may assert his § 1983 claims only against persons who acted under color of state law.  Accordingly, it is

ORDERED that Mr. McDonald file, **within thirty (30) days from the date of this order**, an amended Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. McDonald shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. McDonald fails to file an amended Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 29, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge