IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01090-BNB

R. KIRK McDONALD,

    Plaintiff,

v.

ZIONS FIRST NATIONAL BANK N.A.,
DIANE HARTZ WARSOFF, V.P., Zions First National Bank, individually & personally,
BLOOM MURR ACCOMAZZO & SILER, a Colorado Law Firm,
JOSEPH A. MURR, employee of "BMA&S" individually & personally,
DANIEL R. DELANEY, employee of "BMA&S" individually & personally,
MARIS S. DAVIES, employee of "BMA&S" individually & personally,
WILLIAM J. CAMPBELL, Exe. Dir. CO. Comm. on Judicial Discipline, individually &
    personally, and
JACKIE COOPER, Eagle County, Clerk of the Court, individually & personally,

    Defendants.

ORDER

This matter is before the Court on the document titled "'Emergency' Temporary Restraining Order Pursuant to Federal Rules of Civil Procedure Rule 65(b)(1)" (ECF No. 5) filed by Plaintiff, R. Kirk McDonald.  Mr. McDonald initiated this action by filing *pro se* a Complaint With Jury Demand (ECF No. 1) in which he asserts a variety of federal and state claims.  On April 29, 2013, the same date the motion for a temporary restraining order was filed, Magistrate Judge Boyd N. Boland entered an order (ECF No. 6) directing Mr. McDonald to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because the specific claims Mr. McDonald is asserting in this action are not clear.

Mr. McDonald alleges that he is the plaintiff in a state court action, Eagle County District Court case number 2009CV604, and that his rights have been violated in connection with the Eagle County case. He further alleges that he filed the instant action "for contravention of his civil rights" in the Eagle County case and that, after filing the instant action, he filed a separate action in the District of Colorado, *see Zions First Nat'l Bank v. McDonald*, Civil Action No. 13-cv-01091-LTB (D. Colo. Apr. 25, 2013), to remove the Eagle County case to federal court. (*See* ECF No. 5 at 4, ¶9.) On April 25, 2013, the Court entered an order in case number 13-cv-01091-LTB summarily remanding Eagle County District Court case number 2009CV604 to the state court. In the motion for a temporary restraining order , Mr. McDonald states that he is in the process of removing Eagle County District Court case number 2009CV604 to federal court, that a hearing in the Eagle County case is set for May 1, 2013, and that he seeks a "protective order until such time as the state case is transferred and his request for injunction is addressed by the assigned federal judge." (ECF No. 5 at 4, ¶10.)

The Court must construe the motion for a temporary restraining order liberally because Mr. McDonald is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

The Federal Rules of Civil Procedure provide as follows with respect to issuance of a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint

> clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court finds that Mr. McDonald is not entitled to issuance of a temporary restraining order. For one thing, the Eagle County case Mr. McDonald contends he is attempting to remove to federal court has been remanded to the state court. Furthermore, even without consideration of the Eagle County case Mr. McDonald attempted to remove to federal court, the Court notes that Mr. McDonald has not filed a pleading in this action that provides a short and plain statement of the specific claims for relief he intends to pursue. As a result, Mr. McDonald fails to demonstrate he will suffer immediate and irreparable injury before Defendants can be heard in opposition. Therefore, the motion for a temporary restraining order will be denied. Accordingly, it is

ORDERED that Plaintiff's motion for a temporary restraining order (ECF No. 5) filed on April 29, 2013, is denied.

DATED at Denver, Colorado, this   30th   day of    April   , 2013.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court