IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01090-BNB

R. KIRK McDONALD,

    Plaintiff,

v.

ZIONS FIRST NATIONAL BANK N.A.,
DIANE HARTZ WARSOFF, V.P., Zions First National Bank, individually & personally,
BLOOM MURR ACCOMAZZO & SILER, a Colorado Law Firm,
JOSEPH A. MURR, employee of "BMA&S" individually & personally,
DANIEL R. DELANEY, employee of "BMA&S" individually & personally,
MARIS S. DAVIES, employee of "BMA&S" individually & personally,
WILLIAM J. CAMPBELL, Exe. Dir. CO. Comm. on Judicial Discipline, individually &
    personally, and
JACKIE COOPER, Eagle County, Clerk of the Court, individually & personally,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, R. Kirk McDonald, initiated this action by filing *pro se* a Complaint With Jury Demand (ECF No. 1).  On April 29, 2013, Magistrate Judge Boyd N. Boland ordered Mr. McDonald to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure.  On May 28, 2013, Mr. McDonald filed his First Amended Complaint With Jury Demand (ECF No. 8).

The Court must construe the amended complaint liberally because Mr. McDonald is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading

drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The Court has reviewed the amended complaint and finds that it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix,

vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. McDonald's claims in this action stem from a dispute over a mortgage loan to fund Mr. McDonald's purchase of real property and construction of a retirement home in El Jebel, Colorado. Mr. McDonald briefly describes the nature of this action as follows:

> [t]his action arises out of the defendants' role and connection with the fraudulent misrepresentation of a loan originator, the originator Zions First National Bank N.A. ("Zions") a national organized bank, wholly owned by Zions Bancorporation, a Utah based Banking Corporation. Zions[,] a corrupt organization aided and abetted by Vectra Bank Colorado N.A. ("Vectra")[,] a sister bank located in Colorado[,] engaged in an organized course of corrupt conduct. Zions and Vectra implemented a bait and switch scheme [and] defrauded Mr. McDonald in excess of five (5) million dollars.

(ECF No. 8 at 1-2.)

Following foreclosure proceedings, Mr. McDonald sued Zions First National Bank N.A. in 2009 in the Eagle County, Colorado, District Court, but his claims against the bank in the state court action have not been successful. The named Defendants in this action are Zions First National Bank N.A.; Diane Hartz Warsoff, vice president for Zions First National Bank N.A.; Bloom Murr Accomazzo & Siler P.C., the Colorado law firm that is counsel of record for Zions First National Bank N.A.; Joseph A. Murr, a partner in the law firm of Bloom Murr Accomazzo & Siler P.C.; Daniel R. Delaney, a partner in the law firm of Bloom Murr Accomazzo & Siler P.C.; Maris S. Davies, an attorney with the law firm of Bloom Murr Accomazzo & Siler P.C.; William J. Campbell, the Executive Director of the Colorado Commission on Judicial Discipline; and Jackie Cooper, the Eagle County, Colorado, Clerk of Court.

Mr. McDonald asserts twenty-nine[1] claims for relief in the amended complaint.  It appears that five claims in the amended complaint may raise issues under federal law.  The remaining claims are state law claims.  However, regardless of whether the claims raise federal or state issues, the Court finds that Mr. McDonald fails to provide a short and plain statement of those claims showing he is entitled to relief.

Magistrate Judge Boland advised Mr. McDonald that his original complaint failed to comply with the pleading requirements of Rule 8 for two reasons.  First, Mr. McDonald asserted each claim against "Defendants" collectively without identifying specifically which Defendant or Defendants he was suing with respect to each asserted claim.  Second, Mr. McDonald failed to identify exactly what each named Defendant did that allegedly violated his rights.  In order to cure these pleading deficiencies, Magistrate Judge Boland instructed Mr. McDonald that he "must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights."  (ECF No. 6 at 3.)

Mr. McDonald's amended complaint, with two exceptions, is virtually identical to the original complaint.  First, Mr. McDonald has included in the amended complaint a lengthy section labeled "I.  Statement" (ECF No. 8 at 1-9) that, for the most part, is repetitive of the factual allegations found elsewhere in the amended complaint and does not clarify the claims being asserting.  Second, Mr. McDonald includes within each claim the names of the Defendants he is asserting the claim against.  However, although Mr.

---

[1] Mr. McDonald asserts two claims numbered claim 26.  (*See* ECF No. 8 at 51-52.)

McDonald does link specific Defendants to each asserted claim in the amended complaint, he still fails to identify exactly what each Defendant did that allegedly violated his rights and he fails to provide a clear and concise statement of the specific facts that support each asserted claim.  Thus, despite specific instructions from Magistrate Judge Boland, the amended complaint still fails to provide a short and plain statement of Mr. McDonald's claims showing he is entitled to relief because he does not explain with respect to each asserted claim what Defendants did, when they did it, how he was harmed, and what specific legal right he believes was violated.  *See Nasious*, 492 F.3d at 1163.  As a result, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  4th  day of  June , 2013.

                                  BY THE COURT:

                                   s/ Lewis T. Babcock
                                  LEWIS T. BABCOCK, Senior Judge
                                  United States District Court